## Jenks *v.* Fulmer, Sheriff, Appellant.

*Stoppage in transitu—Common carrier—Execution—Liability of sheriff—Trespass.*

Plaintiff sold merchandise to one Price living in a distant town. Before the goods reached their destination Price failed, confessed judgment, and all his property was levied upon by the sheriff. Plaintiff then notified the railroad company to stop the goods. Some days after the goods had arrived at the freight station in the town of their destination, a local expressman who had access to the station loaded them on his wagon without any special order from Price, or consent of the railroad company, and without paying the freight, and took them to Price's store, depositing them on the pavement. Price refused to receive them, and pursuant to his direction they were taken back to the station by the expressman. Afterwards the sheriff levied on them at the station, and sold them as Price's property. *Held,* that the sheriff was liable in damages to the plaintiff.

Argued March 6, 1894. Appeal, No. 105, Jan. T., 1894, by defendant, N. A. Fulmer, sheriff, from judgment of C. P. Northampton Co., April T., 1892, No. 50, on verdict for plaintiff, A. B. Jenks. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass against sheriff for wrongful sale.

The facts appear by the opinion of the Supreme Court.

Defendant's points were as follows:

" 1. The undisputed evidence shows that the goods in question were delivered by the plaintiff to the Lehigh Valley Railroad, a common carrier, and were then delivered by said railroad company at their depot in South Bethlehem to William Smith, a local expressman and the regular freight carrier of Isaac Price; that said goods were taken by the said William Smith to the place of business of Isaac Price and were unloaded on the sidewalk; that said delivery to the local expressman and unloading was the determination of the transit of said goods, and therefore the right in the plaintiff of stoppage in transitu of said goods no longer existed." Refused. [1]

2. Request for binding instruction. Refused. [2].

Binding instruction for plaintiff was given. [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–3) instructions, quoting them.

*Aaron Goldsmith*, for appellant, cited : Thompson v. Stewart, 7 Phila. 187 ; Benj. Sales, § 698 ; Kent, Com., §§ 541, 545 ; Diehl v. McCormick, 29 W. N. 75 ; Hays v. Mouille, 14 Pa. 48 ; Cabeen v. Campbell, 30 Pa. 259 ; Susquehanna Boom Co. v. Finney, 58 Pa. 200 ; Galbraith v. Zimmerman, 100 Pa. 374 ; Maynes v. Atwater, 88 Pa. 496 ; Exp. Co. v. Wile, 64 Pa. 201 ; Baker v. Lewis, 33 Pa. 301 ; Hill v. Trust Co., 108 Pa. 3 ; R. R. v. Ramsey, 89 Pa. 474 ; Refining Co. v. Bushnell, 88 Pa. 89 ; Rafferty v. Bank, 7 Atl. R. 93 ; Kelly v. McGehee, 26 W. N. 493 ; Stull v. Weigle, 20 W. N. 98.

*J. Davis Brodhead*, for appellee, cited : Angell on Carriers, 337 ; Donath v. Broomhead, 7 Pa. 301 ; Hays v. Mouille, 14 Pa. 48 ; 1 Parsons on Contracts, 484 ; Scott v. Dry Goods Co., 48 Mo. Ap. 521 ; 23 A. & E. Ency. L. 919 ; Kahnweiler v. Buck, 2 Pears. 70 ; Galbraith v. Zimmerman, 100 Pa. 374.

PER CURIAM, March 26, 1894 :

In 1890, plaintiff, a shoe dealer in Boston, sold three boxes of shoes, on credit, to Isaac Price, a merchant in South Bethlehem, and shipped them there by rail. Before the goods reached their destination Price failed, confessed judgment, and all his property was levied on by the sheriff, defendant in this case. Plaintiff, upon being informed of this, caused notice to be given to the railroad company that he claimed the goods, and demanded their immediate return. This right of stoppage in transitu was exercised before Price acquired either actual or constructive possession of the goods. Some days after their arrival at the freight depot in South Bethlehem, a local expressman, who had access to the depot, loaded them on his wagon, without any special order from Price, or consent of the railroad company, and without paying the freight, and took them to Price's store. There he learned for the first time that said store and all his property was in the sheriff's hands. The goods were never delivered to Price. He declined to accept them, and, pursuant to his direction, they were taken back to the depot by the expressman. Afterwards, the defendant levied on them at the depot, and, notwithstanding notice of plaintiff's

claim, sold them as Price's property.    Whereupon this suit was brought to recover their value.    These facts were practically undisputed, and the learned judge, refusing to affirm defendant's points recited in the first and second specifications, directed a verdict in favor of plaintiff.    There was no error in this. The controlling facts, necessary to entitle plaintiff to a verdict for the amount of his claim, were uncontroverted by any testimony in the case.    There was no question of fact upon which it was necessary for the jury to pass.    The circumstances under which the goods were taken to Price's store and returned thence by his direction to the depot, did not constitute a delivery to him, nor in any way interfere with plaintiff's right of stoppage in transitu, which had been previously exercised.

It follows that there was no error in refusing defendant's points and directing a verdict in favor of plaintiff.

Judgment affirmed.